MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Marlisa Molina

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARLISA MOLINA, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| ALTERNATIVE STRUCTURES INTERNATIONAL, | |
| Defendants. | |

COMPLAINT

COMES NOW Plaintiff MARLISA MOLINA, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff MARLISA MOLINA (hereinafter "MOLINA") is and was at all times mentioned herein a resident of Honolulu, Hawaii.

2. Defendant ALTERNATIVE STRUCTURES INTERNATIONAL (hereinafter "ALTERNATIVE") is a domestic nonprofit corporation incorporated in the State of Hawaii.

3. Plaintiff was hired by Defendant ALTERNATIVE on May 17, 2017, as a Case Manager.

4. On December 6, 2019, Plaintiff was terminated from employment with Defendant ALTERNATIVE.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990.

6. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on September 21, 2020.

2

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant ALTERNATIVE on May 17, 2017, as a Case Manager.

8. On October 21, 2019, a former client of Defendant ALTERNATIVE, threatened Plaintiff's family and Plaintiff with bodily harm at the shelter, called Plaintiff a white bitch, and made derogatory and insulting statements about Plaintiff's disabled daughter.

9. The Client had already been trespassed as of May 2019, and the Honolulu Police Department was called. Site Manager/Housing Director Summer Pakele was aware of everything that had taken place with the Client as well as with the current incident.

10. On October 23, 2019, the Client threatened Plaintiff's husband and children at their school.

11. Plaintiff met with Defendant ALTERNATIVE's Executive Director Tom McDonald about the matter, and Plaintiff and her family were placed in a hotel for safety reasons until James Jones' family were exited from the shelter.

12. In November 2019, Plaintiff's doctor placed her on a medical leave of absence through January 15, 2020, due to stress caused by the situation at work.

13. Between November 2019 and December 6, 2019, Plaintiff was dealing with the legal process regarding the Client.

3

14. Plaintiff requested to be placed on FMLA, due to her inability to work, but Defendant ALTERNATIVE's Director of Finance and Administration Jan Cabansag denied Plaintiff's request, stating that it was not needed as Plaintiff was covered by a doctor's note.

15. Plaintiff was also misled by Ms. Cabansag when she told Plaintiff that Plaintiff could only apply for TDI or workers' compensation, but not both. Plaintiff later found out that she could apply for both.

16. While on medical leave, on December 6, 2019, Plaintiff was wrongfully terminated from her position with Defendant ALTERNATIVE by Mr. McDonald and Ms. Cabansag. The reason given was that a particular contract required a Case Manager. However, at the time that Plaintiff went on medical leave, Respondent had three Case Managers.

17. Plaintiff was fully capable of performing her job duties.

18. If not for Plaintiff's injury at work and resulting disability, Plaintiff would not have been terminated from employment with Defendant ALTERNATIVE.

19. Plaintiff was wrongfully terminated and discriminated against by Defendant ALTERNATIVE due to her disability, and in retaliation for engaging in a protected activity, in violation of the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act of 1964, as amended.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

20. Plaintiff incorporates paragraphs 1 through 20, as though fully set forth herein.

21. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

22. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

23. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

24. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

25. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and

5

earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II – RETALIATION

26. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

27. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against her because she opposed the discrimination alleged herein were in violation of law, for which Plaintiff is entitled to an award of damages to be proven at trial.

28. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement of employment with Defendant ALTERNATIVE with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, December 18, 2020.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Marlisa Molina